IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PREFERRED CAPITAL, INC., | ) | CASE NO. 1:04CV2511 |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE HEMANN |
| v. | ) | |
| | ) | |
| AETNA MAINTENANCE, INC., | ) | MEMORANDUM OPINION |
| | ) | Dkt. # 22 |
| Defendant. | ) | |
| | ) | |

Plaintiff, Preferred Capital, Inc. ("Preferred"), has moved for reconsideration of this court's June 16, 2005 entry of judgment in favor of defendant, Aetna Maintenance, Inc. ("Aetna"), on its motion to dismiss for lack of personal jurisdiction. For the reasons set forth below, the motion for reconsideration is overruled.

Preferred argues that this court relied on an error in fact when it took the position that NorVergence, Preferred's assignor, knew prior to entering into the rental agreement with Aetna that the rental agreement would be assigned to Preferred and hence any disputes related to same would have to be heard in Ohio. Without offering any evidentiary support, Preferred simply states that NorVergence had

the option of using a number of different assignors and thus did not know to whom this particular rental agreement would be assigned.

There is a flaw in plaintiff's argument, aside from the lack of evidentiary support. Aetna signed the rental agreement with NorVergence on January 13, 2004 without knowledge of the master agreement between NorVergence and Preferred executed in September 2003. Accepting Preferred's scenario, NorVergence then would have submitted the rental agreement to Preferred for its acceptance or rejection. Obviously Preferred accepted it because on the same day that NorVergence signed the rental agreement , February 3, 2004, it also assigned the rental agreement to Preferred. At no time between January 13 and February 3 did NorVergence give notice to Aetna that an assignment was "in the works" that would lead to Aetna's being sued in a jurisdiction thousands of miles away. Contrary to Preferred's position, NorVergence did know at the time it signed the rental agreement that Preferred was the assignee.

Preferred's second argument is equally unavailing. According to Preferred, two Florida courts have issued opinions which would leave it without a remedy if this court's decision stands. With all due respect to the courts that issued those opinions, they are not binding authority on this court. They are unpublished cases. *Florida v. Commerce Commercial Leasing, LLC*, Fla. Cir. Ct. Case No. 2004 CA 2515 (Leon County May 25, 2005), is not on point, and *Certified Med. Consultants, Inc. v. NorVergence, Inc.*, Fla. Cir. Ct. Case No. 04-015582-CACE-25 (Broward County May 2, 2005), is a one page opinion without legal citation. These cases are not persuasive to this court.

For the above stated reasons, plaintiff's motion for reconsideration is overruled.

IT IS SO ORDERED.

Dated: July 18, 2005                          s:\Patricia A. Hemann
                                              Patricia A. Hemann
                                              United States Magistrate Judge